| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | |
| Plaintiff:  COLTON RAJALA, a minor, by through his father and next friend, JESSE RAJALA<br><br>Defendant:  FISHER-PRICE, INC. | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff's:<br>Stuart D. Mann<br>900 Arapahoe Avenue<br>Boulder, Colorado 80302<br>Phone No.:    303-991-2233<br>Fax No.:       303-991-1895<br>E-Mail:         sdm@manmaxlaw.com<br>Atty Reg #:   16089 | Case Number:<br><br>Div.:                      Ctrm.: |
| COMPLAINT AND JURY DEMAND | |

     Plaintiff Colton Rajala, minor, by and through his father and next friend, Jesse Rajala, and his counsel, Stuart D. Mann, respectfully submits this Complaint against the Defendant, Fisher-Price, Inc., and alleges and states as follows:

## JURISDICTION AND VENUE

     1.    Plaintiff Colton Rajala ("Plaintiff Rajala") is and was at all times relevant to this Complaint a citizen of the State of Colorado.

     2.    Jesse Rajala is the father and legal guardian of Colton Rajala.

     3.    Defendant Fisher-Price, Inc. ("Defendant Fisher-Price") is and was at all times relevant to this Complaint a Delaware corporation authorized to do business in the State of Colorado with its principal place of business at 333 Continental Boulevard, El Segundo, California 90245.

     4.    Defendant Fisher-Price is and was at all times relevant to this Complaint, doing business as Fisher-Price, Inc.

1

EXHIBIT A

5.     Venue is proper because the Defendant can be found and served in the City and County of Denver, Colorado.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7.     At all times relevant to the allegations contained in this Complaint, Plaintiff Jesse Rajala was the owner of a Fisher Price Healthy Care High Chair model #K2927, Date Code 2556SQ (the "High Chair").

8.     On or about April 3, 2013, Plaintiff Rajala, fell against the High Chair and cut his neck on a peg causing a severe laceration.

9.     There was a peg on each leg of the High Chair that was designed to be used as a place to store the High Chair tray.

10.     The peg was located in a position on the High Chair that was accessible to small children and the peg was capable of lacerating human skin.

11.     As a direct and proximate result of the peg and its placement on the High Chair, Plaintiff Rajala was severely injured.

## FIRST CLAIM FOR RELIEF
### (Negligence of Defendant Fisher-Price)

12.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.     Defendant Fisher-Price was negligent by failing to exercise reasonable care when it designed and manufactured the High Chair.

14.     As a direct and proximate result of Defendant Fisher-Price's negligence, Plaintiff Rajala suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

2

## SECOND CLAIM FOR RELIEF
### (Negligent Manufacturing by Defendant Fisher-Price)

15.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     Defendant Fisher-Price manufactured the High Chair.

17.     Defendant Fisher-Price was negligent by failing to exercise reasonable care to prevent the High Chair and its component parts and systems from creating an unreasonable risk of harm to those who might reasonably be expected to use or be affected by the High Chair.

18.     Plaintiff Rajala, was among those persons Defendant Fisher-Price should reasonably have expected to use or be affected by the High Chair.

19.     As a result of Defendant Fisher-Price's negligence, Plaintiff suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

## THIRD CLAIM FOR RELIEF
### (Failure to Inspect by Defendant Fisher-Price)

20.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     To the extent that Defendant Fisher-Price used any materials or parts obtained from other sources in the manufacture of the High Chair and/or its peg mechanism and tray storage system, Defendant Fisher-Price was negligent in failing to perform a reasonable inspection and/or test of such materials or parts.

22.     As a direct and proximate result of Defendant Fisher-Price's negligent failure to inspect, Plaintiff suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

## FOURTH CLAIM FOR RELIEF
### (Failure to Warn by Defendant Fisher-Price)

23.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.     Defendant Fisher-Price knew or in the exercise of reasonable care should have known that the use of pegs capable of lacerating human skin on the High Chair might be harmful or injurious to a user of the High Chair because of the faulty peg mechanism and/or faulty tray storage system.

25.     Despite having such knowledge or reason to know, Defendant Fisher-Price failed to warn Plaintiff Rajala or his legal guardian of the possible danger involving the High Chair, its peg mechanism, and/or its tray storage system.

26.     As a direct and proximate result of Defendant Fisher-Price's negligent failure to warn, Plaintiff suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, and loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

## FIFTH CLAIM FOR RELIEF
**(Breach of Express Warranty by Defendant Fisher-Price)**

27.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Defendant Fisher-Price sold the High Chair.

29.     Defendant Fisher-Price expressly warranted that the High Chair and the component parts and safety features thereof were free from defects and safe for normal High Chair uses.

30.     Defendant Fisher-Price expressly warranted that the High Chair was free from defects and safe for normal high chair uses.

31.     Plaintiff Rajala is a person who was reasonably expected to use or be affected by the High Chair, its peg mechanism, and its tray storage system.

32.     The High Chair and its component parts, in particular the peg mechanism and tray storage system, were not as expressly warranted.

33.     The Plaintiff by and through his legal guardian gave notice of the breach of express warranty within a reasonable time after Plaintiff Rajala was injured.

34.     This breach of express warranty by the Defendant caused the Plaintiff's injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, and loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

## SIXTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability by Defendant Fisher-Price)

35.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     Defendant Fisher-Price sold the High Chair.

37.     Plaintiff was a person who was reasonably expected to use or be affected by the High Chair, its peg mechanism, and tray storage system.

38.     Defendant Fisher-Price was a merchant with respect to the High Chair, its peg mechanism, and tray storage system.

39.     The High Chair and/or its component parts, in particular the peg mechanism and tray storage system, were not of merchantable quality at the time of sale.

40.     Plaintiff Rajala, by and through his legal guardian, gave notice of the breach of implied warranty within a reasonable time after Plaintiff Rajala was injured.

41.     This breach of implied warranty by the Defendant caused the Plaintiff's injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, and loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

## SEVENTH CLAIM FOR RELIEF
### (Strict Liability of Defendant Fisher-Price )

42.     Plaintiff incorporates by reference herein the allegations made in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Defendant Fisher-Price was a manufacturer of the High Chair and/or the component parts thereof, in particular the High Chair's peg mechanism and tray storage system.

44.     Defendant Fisher-Price was engaged in the business of selling high chairs, such as Plaintiffs', and/or the component parts thereof for resale, use, or consumption.

45.     Defendant Fisher-Price was engaged in the business of selling the component parts of the High Chair, such as Plaintiffs', in particular the peg mechanism, for resale, use, or consumption.

46.     Defendant Fisher-Price sold the High Chair.

47. The High Chair and/or its component parts, in particular the peg mechanism and tray storage system, were defective and, because of the defect, the High Chair was unreasonably dangerous to persons, such as Plaintiffs, who might reasonably be expected to use or be affected by the High Chair and/or its peg mechanism and tray storage system.

48. The High Chair and/or its component parts, in particular the peg mechanism and tray storage system, were defective at the time it was sold by Defendant Fisher-Price or at the time it left Defendant Fisher-Price's control.

49. The High Chair was defective and, because of the defect, the High Chair was unreasonably dangerous to persons, such as Plaintiff, who might reasonably be expected to use or be affected by the High Chair.

50. The newly installed High Chair was defective at the time it was sold by Defendant Fisher-Price or at the time it left Defendant Fisher-Price's control.

51. The High Chair, its peg mechanism and the tray storage system, was expected to reach the user or consumer without substantial change in the condition in which it was sold.

52. The High Chair did reach the user or consumer without substantial change in the condition in which they were sold.

53. The Plaintiff was a person who would reasonably be expected to use or be affected by the High Chair, its peg mechanism, and tray storage system.

54. As a direct and proximate result of the defect in the High Chair, Plaintiff Rajala suffered injuries, damages, and losses, including without limitation, permanent physical injury, permanent physical impairment, and loss of enjoyment of life in the past and in the future, and great physical and mental pain and suffering.

WHEREFORE, Plaintiff Rajala, by and through his father and legal guardian, Jesse Rajala, respectfully requests that this Court enter judgment in his favor and against the Defendant, Fisher-Price, Inc., in an amount to be determined at trial that will fully and fairly compensate him for the injuries and damages he incurred including, but not limited to past and future medical expenses; permanent physical impairment; physical and mental pain and suffering; loss of enjoyment of life and other non-economic damages. Furthermore, Plaintiff requests that this Court enter judgment in his favor for interest in the maximum amount allowed by law including all statutory pre-judgment interest from the date of injury, April 3, 2013, pursuant to C.R.S. §13-21-101, as amended, post-judgment interest, including interest as provided by law, costs expended, expert witness fees, reasonable attorney's fees, and for such other and further relief as this Court deems just and proper.

DATED this ___6th___ day of October, 2014.

MANN & MAXIMON, LLC.

By_____

Stuart D. Mann, #16089

PLAINTIFF HEREBY DEMANDS TRIAL TO A JURY OF SIX (6)
ON ALL ISSUES SO TRIABLE