IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03438–REB-KMT

COLTON RAJALA, a minor, by and through his father and next friend, JESSE RAJALA,

    Plaintiff,

v.

FISHER-PRICE, INC.,

    Defendant.

---

## MINUTE ORDER
**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

    This matter is before the court on Defendant's "Unopposed Motion for Protective Order (Doc. No. 24, filed July 1, 2015.)  The Motion is DENIED and the proposed Protective Order is REFUSED. Defendant is granted leave to submit a motion for protective order and revised form of protective order consistent with the comments contained here.

    *Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000), set out certain requirements for the issuance of a blanket protective order such as the one sought here.  First, among other things, any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection."  *Gillard*, 196 F.R.D. at 386.  Second, the protective order must contain a mechanism by which a party may challenge the designation of information as confidential. The following language would satisfy this provision:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as

> CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

*Gillard* at 388-89.

The proposed Protective Order does not comply with the requirements established in *Gillard*. Therefore, it is ORDERED that the Motion for Protective Order (Doc. No. 24) is DENIED without prejudice, and the proposed Protective Order is REFUSED.

Dated: July 2, 2015