IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03438-REB-KMT

────────────────────────────────────────────────────────

COLTON RAJALA, a minor, by and through his father and next friend JESSE RAJALA,

Plaintiff,

v.

FISHER-PRICE, INC.,

Defendant.

────────────────────────────────────────────────────────

## STIPULATED PROTECTIVE ORDER

────────────────────────────────────────────────────────

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of CONFIDENTIAL INFORMATION (as hereinafter defined) and, as grounds therefore, state as follows:

1.      This protective order provides for confidentiality with respect to proprietary records and materials that Fisher-Price, Inc. is going to produce in response to plaintiff's production requests 1, 3, 4, 5, 6, 9, 11, 12, 18 and 26.  Those requests read as follows:

1.      A copy of the Operator's Manual and installation instructions along with each warning label or instructional decal that was attached to the Subject High Chair at the time of initial sale or that was supposed to be attached.

3.      All documents, drawings reports, summaries, photographs, videos, or other written or recorded items pertaining to the High Chair storage

pegs.

4.      All documents, drawings reports, summaries, photographs, videos, or other written or recorded items pertaining to the design, engineering, safety engineering of the High Chair and High Chair storage pegs.

5.      All documents, correspondence to or from You or anyone acting on your behalf, inter-office memoranda, reports, summaries, photographs, case files, documents or other written or recorded items pertaining to alleged injuries involving the High Chair storage pegs.

6.      All documents, correspondence to or from You or anyone acting on your behalf, inter-office memoranda, photographs, reports, summaries, or other written or recorded items sent to or received from any Person, the U.S. Consumer Products Safety Commission and any other industry, consumer or federal organization or agency pertaining to the High Chair.

9.      Copies of all claims, notices, summaries, compilations, complaints, inquiries, correspondence to or from You or anyone acting on your behalf, relating to any alleged injuries or defects associated with the High Chair storage pegs.

11.      All documents, drawings, reports, summaries, photographs, videos, or other written or recorded items pertaining to the recall of the High Chair and High Chair storage pegs.

12.      Each test protocol, test result, analysis, summary, videotape, photograph, film, or other written or recorded item pertaining to High Chair storage pegs.

18.     Any and all engineering drawings, blueprints, and specifications for the Subject High Chair.

26.     All company manuals, policies, procedures and guidelines regarding the process concerning product recalls and product retrofits.

2.     Plaintiff may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to Fisher-Price, Inc., through its attorney, Deana R Dagner. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of Fisher-Price, Inc. to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If Fisher-Price, Inc. fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, Fisher-Price, Inc. shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

3.     In order to identify records covered by this order, defense counsel will label or mark them as "Confidential – Proprietary" and "Subject to Protective Order."

4.     The records covered by this order and information contained in them shall be used only and solely in the above-captioned litigation, and for no other purpose.

5.    Any testimony desired by either party concerning the records and information covered by this order shall be placed on a confidential record which shall be separated from the rest of the transcript, sealed, and marked as confidential within the transcript and also on the exterior seal.

6.    Plaintiff's counsel may not share the information contained in the records produced labeled or marked "Confidential – Proprietary" and "Subject to Protective Order" with anyone outside of his firm unless:

a.    The purpose relates to the person's being engaged as an expert or consultant in this lawsuit; and

b.    The person first signs an acknowledgment of having read this order, agreeing to be bound, and submitting to the jurisdiction of the court for purposes of enforcement.

7.    Plaintiff's counsel shall retain all acknowledgments required above for two years after the litigation is concluded to be available for production to this court or any other court having proper jurisdiction.

8.    Plaintiff's counsel shall ensure compliance with this order by any persons who come in contact with any records provided to him and his firm that are covered by this order.

9.    If confidential records are proposed to be used at trial, plaintiff's counsel will notify defense counsel when the parties work on the drafting of any exhibit lists for trial.  The attorneys will confer in an effort to reach agreement on the handling of such records at trial.  If agreement is not reached, either party may seek a ruling.

10.     By no later than 10 days after the case concludes, whether by settlement or judgment, plaintiff's counsel, and any third parties with whom plaintiff's counsel has shared records covered by this order, shall destroy all confidential records produced under this order and delete any copies they or staff members copied to or saved in any computers.

APPROVED and ADOPTED AS AN ORDER
OF THE COURT this 23rd day of July, 2015.

Kathleen M. Tafoya
United States Magistrate Judge

Respectfully submitted,

| | |
|---|---|
| s/Deana R. Dagner<br>Deana R. Dagner<br>Dagner \| Schluter \| Mitzner \| Werber, LLC<br>5105 DTC Parkway, Suite 325<br>Greenwood Village, CO 80111<br>Telephone: (303) 221-4661<br>Facsimile: (303) 221-4594<br>Email: ddagner@lawincolordo.com<br>Attorneys for Defendant Fisher-Price, Inc. | s/Stuart D. Mann<br>Stuart D. Mann<br>Mann & Maximon<br>900 Arapahoe Avenue<br>Boulder, Colorado  80302<br>Telephone: 303-991-2233<br>Facsimile: 303-991-1895<br>Email: sdm@manmaxlaw.com<br>Attorneys for Plaintiff Colton Rajala, a minor, by and through his father and next friend Jesse Rajala |